UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BUFFY H. BLEVINS, ) | |
| ) | |
| Plaintiff, ) | No. 6:14-CV-190-HAI |
| ) | |
| v. ) | MEMORANDUM OPINION & ORDER |
| ) | |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Buffy H. Blevins brings this action pursuant to 42 U.S.C §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. The parties each filed a notice of consent to the referral of this matter to a magistrate judge. D.E. 8; 10. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 11. The Court, having reviewed the record and for the reasons stated herein, will **DENY** Plaintiff's Motion for Summary Judgment (D.E. 14)[1] and **GRANT** the Commissioner's Motion for Summary Judgment (D.E. 15).

---

[1] The Court notes that Blevins's counsel's near complete failure to provide the Court with specific page citations to the administrative record to support Blevins's arguments could, in and of itself, constitute grounds for denial of the motion. *See* D.E. 13 at 3-4 (requiring motions to both (1) include a statement of the legal arguments presented at the beginning of the motion in a numbered list, and (2) give specific page citations to the administrative record to support the arguments.). Because such a denial would punish Blevins simply because her attorney has failed to comply with standard scheduling order, the Court addresses the motion on its merits and directs Mr. Ronald Cox to comply with the Court's Standing Scheduling Order, and in particular Paragraphs 3(b) and (c), in all future Social Security Actions.

## I.  BACKGROUND

Blevins filed a Title II application for a period of disability and disability insurance on October 28, 2011.  D.E. 12-1 at 12.  She alleges disability beginning on October 7, 2011 (*Id*.), due to the following impairments: diabetes mellitus, diabetic neuropathy, hepatitis, obesity, and reflux disease (D.E. 14-1 at 1-2).  Blevins's claims were denied initially and upon reconsideration.  D.E. 12-1 at 12.  Subsequently, upon Blevins's request, an administrative hearing was conducted before Administrative Law Judge Tommye C. Mangus ("ALJ") on October 1, 2013.  *Id*.  During the hearing, the ALJ heard testimony from Blevins and impartial vocational expert William Ellis.  *Id*.  Blevins, who was thirty-six years old as of the alleged onset date, has a high school education and completed one year of college.  *Id*. at 184.  Blevins has past relevant work experience, the VE testified that such work does not exceed her residual functional capacity, and the ALJ accepted that testimony.  D.E. 12-1 at 22.

In evaluating a claim of disability, an ALJ conducts a five-step sequential analysis.  *See* 20 C.F.R. §§ 404.1520, 416.920.[2]  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  If a claimant is not found disabled at step 3, the ALJ must determine the claimant's residual functional capacity, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. § 404.1520(e).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work (given the ALJ's assessment of her residual functional capacity), she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) do not prevent her from doing other work that exists in the national economy, she is not disabled.  20 C.F.R. § 404.1520(g).

In this case, at Step 1, the ALJ found that Blevins has not engaged in substantial gainful activity since October 7, 2011, the alleged onset date of disability.  D.E. 12-1 at 14.  At Step 2, the ALJ found that Blevins has the following severe impairments: "diabetes mellitus, diabetic neuropathy, and obesity."  *Id*.  The ALJ found Blevins's degenerative lumbar spine condition and liver disease to be non-severe, but considered these conditions, along with Blevins's reflux disease and knee pain, in combination with her severe impairments.  *Id*. at 15.  At Step 3, the ALJ found that Blevins's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 19.  At Step 4, the ALJ determined that Brown had the following residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that involves no standing or walking in excess of 2 hours total during an 8-hour day; she is limited to work that involves no climbing ladders, ropes or scaffolds, no more than occasional climbing ramps/stairs, stooping, kneeling, crouching, or crawling, and that does not require concentrated exposure to cold temperature

3

>     extremes, vibration, and workplace hazards such as dangerous machinery or unprotected heights.

*Id.* at 19-22. The ALJ found that, based on that RFC, Blevins could return to her work as a telemarketer, as performed and per the DOT. *Id.* at 22. Accordingly, on November 20, 2013, the ALJ issued an unfavorable decision, finding that Blevins was not disabled, and therefore, ineligible for disability insurance benefits or supplemental security income. *Id.* at 23. The Appeals Council declined to review the ALJ's decision on November 19, 2013 (D.E. 12-1 at 4-7), and Blevins now seeks judicial review in this Court.

## II. DISCUSSION

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve

4

conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

### A. Substantial evidence supports the ALJ's decision.

Under 42 U.S.C. § 405(g), this Court's review is limited to determining whether the ALJ applied the correct legal rules to reach a decision supported by substantial evidence. *See Sheeks v Comm'r of Soc. Sec.*, 544 Fed.App'x 639, 640 (6th Cir. 2013) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *Rogers*, 486 F.3d at 241. Accordingly, a plaintiff's brief should identify how the ALJ supposedly erred: either by applying the wrong rules, or by reaching a decision unsupported by substantial evidence. Aside from claiming that the substantial evidence does not support the ALJ's finding as to RFC, Blevins's brief largely struggles to do this.

Blevins's first argument section claims that "the Administrative Law Judge failed to properly consider the medical evidence of record" (D.E. 14-1 at 6), but can more accurately be described as a claim that the substantial evidence does not support the ALJ's calculation of Blevins's RFC. In this section, Blevins also challenges the ALJ's decision to reject the credibility of Blevins's testimony with regard to her symptoms.

Blevins's second argument section claims that "[t]he Administrative Law Judge's decision is not supported by substantial evidence, and the decision does not comply with the procedural requirements of the regulations." D.E. 14-1 at 7. However, the only authority

5

Blevins cites in this section stands for the generic proposition that an ALJ's decision must take account of the entire record and be supported by substantial evidence. *See id.* Otherwise, Blevins's argument in this section is subsumed by her claim that the substantial evidence does not support the ALJ's calculation of her RFC.

It is not the Court's role to meticulously inspect the Social Security reglations in search of a legal provision to prove Blevins correct. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) (declining to formulate arguments on claimant's behalf). So, when a party fails to develop an argument, that argument is waived. *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); D.E. 13 at 3 ("The Court will consider only the arguments listed and will not formulate arguments on the parties' behalf."). The Court therefore will address only Blevins's claims (1) that the substantial evidence does not support the ALJ's calculation of Blevins's RFC, and (2) that the substantial evidence does not suppert the ALJ's decision to reject the credibility of Blevins's testimony with regard to her symptoms.

1. **Blevins's Residual Functional Capacity**

Blevins claims that the RFC adopted by the ALJ and reflected in the hypothetical question upon which the ALJ relied was defective because it fails to accurately encompass the restrictions demonstrated by the medical evidence. D.E. 14-1 at 5-9. More specifically, Blevins argues that William Miller's[3] report dated October 19, 2009, which "stated that [Blevins] has a

---

[3] Blevins mistakenly believes that Mr. Miller is a medical doctor at Clover Fork Clinic. D.E. 14-1 at 3, 5. Because Blevins's brief fails to cite to the record in support of this belief, it is difficult for the Court to determine whether Blevins's misunderstanding is contained in the record without combing through the entire administrative transcript solely for that purpose. However, it appears

6

limited range of motion of back when leaning forward, backward, and laterally to the left and right while standing" is uncontradicted, and the ALJ "failed to justify her rational [sic] for disregarding the evidence." *Id*. at 5. Further, Blevins argues that her own uncontradicted testimony regarding her symptoms was improperly rejected without the ALJ making her reasons for doing so apparent in her decision. *Id*. at 6. Finally, Blevins argues that the consultative examination performed by Dr. Dustin Johnson on April 14, 2012, which "found she suffered from low back pain and . . . stated her ability to perform activities such as lifting and carrying would be difficult for her[,] . . . when coupled with her own testimony regarding her ability to lift and carry requires more than a restriction to light work." *Id*. at 9.

A claimant's residual functional capacity represents the most that she can still do in a work setting despite her limitations. 20 C.F.R. § 416.945. This decision is to be made by the Administrative Law Judge after reviewing the entire record. 20 C.F.R. 404.1520(e); 416.920(e), 404.1545; 416.945; SSR 98-8. "[F]or a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The hypothetical question does not need to contain every one of the claimant's conditions, but "the ALJ must include in the question

---

that this quotation comes from Plaintiff's counsel's combining the observations of Mr. Miller contained in two separate documents, dated September 13, 2012, and October 19, 2009. *See* D.E. 12-1 at 393-394 (October 19, 2009 progress notes observing "limited ROM of back when leaning forward, backward, and laterally to left and right while standing"); *Id*. at 347-349 (September 13, 2012 progress notes assessing chronic pain syndrome, lumbago, sciatica, right knee pain, type II diabetes, diabetic neuropathy, and obesity). In any case, after a thorough review, the Court has found no instance in the record—other than Blevins's brief—referring to Mr. Miller as a medical doctor. *See, e.g.*, D.E. 12-1 at 15 (ALJ's Opinion referring to "Physician's Assistant Will Miller"); *Id*. at 349, 394 (records, mentioned by Blevins in her brief, "[s]igned by William Miller, PA-C").

an accurate calculation of the claimant's residual functional capacity – i.e., a description of what the claimant can and cannot do." *Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 453 (6th Cir. 2007) (quotations omitted).

The question posed to the vocational expert incorporated the ALJ's RFC determination. In fulfilling that duty and assessing Blevins's RFC, the ALJ stated as follows:

> After careful consideration of the entire record, the undersigned fings that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that involves no standing or walking in excess of 2 hours total during an 8-hour day; she is limited to work that involves no climbing ladders, ropes or scaffolds, no more than occasional climbing ramps/stairs, stooping, kneeling, crouching, or crawling, and that does not require concentrated exposure to cold temperature extremes, vibration, and workplace hazards such as dangerous machinery and unprotected heights.

D.E. 12-1 at 19-20. The ALJ incorporated this RFC into the second hypothetical she posed to vocational expert Mr. William Ellis. *Id*. at 583. Relying on the testimony of Ellis, the ALJ found that Blevins's limitations did not preclude her from returning to her past work as a telemarketer. *Id*. at 22, 583.

The ALJ considered all of the evidence, including opinion evidence, and found that Plaintiff's claims of disabling limitations were not supported by the record. Notably, she thoroughly considered the records from Clover Fork (including those provided by Physician's Assistant Miller), and the consultative examination of Dr. Dustin L. Johnson, as required. *Id*. at 16-18. Though she did not find Blevins's degenerative lumbar spine conditions to impose more than minimal limitations, she considered it in combination with Blevins's severe impairments. *Id*. at 15, 18. The ALJ found that "most of the evidence and testimony relates [sic] to her complaints of pain and treating notes show chronic pain disorder with minimal back findings." *Id*. at 20. The ALJ found that Blevins's ability to perform daily activities and participation in church up to twice a week are inconsistent with severe or chronic pain. *Id*. Further, with regard

to Blevins's claimed inability to lift or carry, the ALJ found that "the objective findings do not support this degree of limitation and the consultative examiner [Dr. Johnson] found normal upper extremity strength and sensation." *Id.* at 21.

No treating or examining medical source has provided an opinion that Blevins is subject to symptoms of disabling severity. In fact, partly because this case involved no treating opinions whatsoever, the ALJ accorded "great weight" to state agency physician Dr. Alex Guerrero, who provided the most recent opinion evidence in this case in October 2012. *Id.* Significantly, the ALJ's RFC determination reflects every limitation noted by Dr. Guerrero, and Dr. Guerrero's report indicates that no medical source or other source opinions about Blevins's limitation or restrictions were more restrictive than his findings. *Id.* at 38-41.

An ALJ "is not required to analyze the relevance of each piece of evidence individually. Instead, the regulations state that the decision must contain only 'the findings of facts and the reasons for the decision.'" *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011) (quoting 20 C.F.R. § 404.953). After an independent review of the record, it appears that the ALJ did just that. The ALJ explicitly addressed Blevins's testimony and the reports of Mr. Miller and Dr. Johnson noted by Blevins in her argument. D.E. 12-1 at 15-22. The ALJ's determination as to Blevins's RFC was made "[a]fter careful consideration of the entire record," and the Court has no reason to second-guess this declaration. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (noting a "'general practice'" of "'tak[ing] a lower tribunal at its word when it declares that it has considered a matter.'") (internal citation omitted).

The objective medical evidence reflected that Blevins's conditions affecting her lower back and her ability to lift and carry, while not insignificant, were less severe than her subjective complaints indicated. After making this determination, which the Court finds is supported by

9

substantial evidence, the ALJ incorporated the limitations that she found to be justified in assigning an RFC of light work with additional postural and environmental limitations. Accordingly, the Court finds no error.

### 2. Blevin's credibility

Blevins next argues that the ALJ improperly rejected Blevins's credibility without making the reasons for doing so apparent in her decision. D.E. 14-1 at 6.

In determining whether a claimant is disabled, the Commissioner considers statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, ALJ's employ the following two-part test:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)). In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994). Importantly, it is within the province of the ALJ, rather than the reviewing court, to evaluate the credibility of claimant. *Rogers*, 486 F.3d at 247 (citing *Walters v. Comm'r of Soc.*

*Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Id*. at 249.

Here, the ALJ cited the correct test and found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." D.E. 12-1 at 20. Blevins does not argue any specific reason why the ALJ's decision to discredit her statements was not reasonable or supported by substantial evidence. Accordingly, the Court views this argument in conjunction with the above-described argument. In other words, the Court reviews the ALJ's credibility determination as applied to Blevins's complaints of back pain and the inability to lift or carry.

The ALJ stated multiple reasons for discrediting the subjective claims of Blevins. First the ALJ found that "most of the evidence and testimony relates [sic] to her complaints of pain and treating notes show chronic pain disorder with minimal back findings." *Id*. The ALJ noted that Blevins "is capable of most activities of daily living," and "[goes] to church twice a week. *Id*. The ALJ also found that "[s]he did not require any specific pain medication other than Neurontin until April 2012, when she began using low dose Lortab and there is no increase in objective or clinical findings to support the level of decreased activity claimant alleges." *Id*.

With regard to Blevins's ability to lift or carry, the ALJ discussed Blevins's allegations that she had "problems lifting over a gallon of milk, carrying, needing help with lifting shopping, using 'only' the microwave to cook, and inability to do 'any' household chores." *Id*. at 21. The ALJ found that "her later reports contradict such extreme limitations," and that "the objective

11

findings do no [sic] support this degree of limitation and the consultative examiner found normal upper extremity strength and sensation." *Id*. The ALJ concluded "[t]here is really no evidence to support problems lifting more than a gallon of milk since she has normal strength and really only moderate pain, intermittent pain." *Id*.

It is clear from the ALJ's decision and the record as a whole that the ALJ's credibility determination with respect to Blevins's statements was reasonable and supported by substantial evidence. Additionally, such reasons were made apparent in her decision. The Court therefore finds no error.

### B. CONCLUSION

Accordingly, and the Court being sufficient advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 14) is **DENIED**;

(2) Commissioner's Motion for Summary Judgment (D.E. 15) is **GRANTED**;

(3) **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 4th day of August, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge